STATE of Missouri, Plaintiff-Respondent,

v.

Robert Charles WRAGGS, Defendant-Appellant.

No. 34891.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 8, 1973.

Motion for Rehearing or Transfer Denied
June 8, 1973.

Application to Transfer Denied July 16, 1973.

Robert C. Babione, Dept. of Welfare, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury for assault with intent to maim

with malice (Sec. 559.180 RSMo 1969, V. A.M.S.) tried under the second offender act (Sec. 556.280 RSMo 1969, V.A.M.S.). He makes six attacks on the conviction including a claim that there was insufficient evidence to establish the crime for which he was found guilty.

We review the evidence in the light most favorable to the jury verdict. Defendant and another man were present in Wilkerson's Market at approximately 5:30 p. m. on February 26, 1971, apparently together. They had been seen together in the store earlier in the day. The other man pointed a sawed-off shotgun at Mrs. Wilkerson and said, "[t]his is it." The victim, Allen Grinston, 63 years old, and an employee of the market, pulled a gun and advanced toward the man with the shotgun. He was struck from behind and fell to the floor. Defendant and the other man began kicking and stomping Grinston and succeeded in wringing his gun from him. The kicking and stomping continued for several minutes and after Grinston had been disarmed. The attack centered on Grinston's head, face, neck, and chest. Wraggs was wearing shoes although no description of them is contained in the record. The attack on Grinston was terminated when Mr. Wilkerson shot Wraggs in the back with his shotgun and Wraggs and the other man fled the store. Defendant subsequently sought police help for his wound and was identified at the hospital by the Wilkersons and Grinston who fortuitously saw him there while Grinston was being treated for his injuries. There was evidence that Grinston had had a prior run-in (undescribed) with defendant's wife and that defendant had said to Grinston several days before the attack, "[n]ot to come out of the store."

Defendant contends this evidence fails to establish (1) malice aforethought, (2) a means likely to produce death or great bodily harm and (3) an intent to maim.

■■ "Malice" is the intentional doing of a wrongful act without just cause or excuse. "Aforethought" means thought of beforehand, for any length of time, however short. State v. Ayers, 305 S.W.2d 484 (Mo.1957). It is clear that Wraggs performed an intentional act in kicking and stomping Grinston with no just cause or excuse. There was no evidence of any legal justification for the attack. There was evidence that Wraggs and the other man were acting together to commit a robbery and that Grinston was an obstacle to the completion of that robbery and it was reasonable to infer the assault was to remove that obstacle, and that Wraggs intended it for that purpose. State v. Jackson, 446 S. W.2d 627 (Mo.1969) holds that evidence of the commission of another crime is relevant to show motive in an assault. Wraggs had previously made a statement which could be considered threatening to Grinston and this supports a conclusion that he had an ill-will toward Grinston. The severity of the attack, the length of its duration, the fact it continued after Grinston was disarmed, and that it ceased only because Wraggs was shot also furnish evidence of defendant's malice. Considering all these matters there was sufficient evidence to find that Wraggs made and continued the attack with the requisite malice aforethought.

■■ Defendant contends there was no evidence of intent to maim. "Intent to maim" is equated with "intent to commit great bodily harm." State v. Gillespie, 336 S.W.2d 677 (Mo.1960). The victim was kicked and stomped about the head, face, neck and chest for up to five minutes by two men. He was an elderly man in a prone position on the floor. He suffered bruises and lacerations and testified he still has trouble with his throat as a result of the beating. The beating continued after the victim was disarmed. These matters may be considered in determining the intent to maim. State v. Gillespie, *supra*; State v. Mathis, 427 S.W.2d 450 (Mo. 1968). There was sufficient evidence for the jury to find intent to maim.

Defendant contends that an attack with shoed feet is not a means likely to produce death or great bodily harm. It is if the attack is "violent and aggravated," and a sufficient degree of force is used. State v. Gillespie, *supra*. The attack here was violent and aggravated and the amount of force that can be generated by a kick or stomp is sufficient to find the requisite means to convict. The evidence was sufficient to establish the offense of which defendant was convicted.

Defendant premises error on the failure of the court to instruct on common assault. The court did instruct on the lesser included offense of assault with intent to maim without malice. It is at least arguable that no prejudice can exist to defendant because the jury having an opportunity to convict of the lesser offense declined to do so. It would therefore be unwarranted to conclude that they would have convicted of yet a lesser included offense. See State v. Robinson, 182 Kan. 505, 322 P.2d 767 (1958). Missouri, however, does not recognize this rule. State v. Aitkens, 352 Mo. 746, 179 S.W.2d 84 (1944) [26–28].

" . . . The degree of the offense depends upon the intention with which the act was done . . . and if the evidence excludes a felonious intent, the defendant may be found guilty of a common assault . . ." State v. Lynn, 184 S.W.2d 760 (Mo.App.1945) [11–13]. The general intent in common assault is the intent to commit an act of physical force against another or to create an apprehension of immediate physical danger in the mind of the victim, whereas felonious intent is the specific intent to do great bodily harm. There was no evidence in this case that controverted the existence of an intent to harm. State v. Crossman, 464 S.W.2d 36 (Mo.1971); State v. Surgeon, 456 S.W.2d 293 (Mo.1970). There was no evidence to support an instruction on common assault. State v. Ayers, *supra*.

Defendant also complains of the court's finding of a prior conviction. This is based upon a disparity in the name on the Department of Correction record— "Wragg" rather than "Wraggs." The difference is minimal and the court also had before it the physical description from the Department of Corrections record and defendant was present in the courtroom for comparison by the judge. That was sufficient to support the court's finding of a prior conviction. See State v. Cook, 463 S.W.2d 863 (Mo.1971).

Defendant also premises error on the failure of the trial court to declare a mistrial when requested after the prosecuting attorney made the following statement during his rebuttal argument—"The last person in this courtroom that expects you to turn the man loose is Mr. Babione [defendant's counsel]." Objection to this statement was sustained and the jury was instructed to disregard it, but a motion for mistrial was denied. The statement was clearly improper and indefensible. It would have warranted the court in declaring a mistrial. But we cannot conclude that it was so prejudicial that mistrial was demanded. The granting of a mistrial as a result of improper argument is largely within the discretion of the trial court and we defer to that discretion unless clearly abused. The trial judge is in a better position to evaluate the effect of such a statement upon the jury than we. The remark is distinguishable from those cases where a prosecutor gives his personal opinion of the guilt of the defendant. There is in those cases, an implication that the prosecutor has personal knowledge outside the record of defendant's guilt. State v. Lenzner, 338 Mo. 903, 92 S.W.2d 895 (1936). But see State v. Taylor, 429 S.W.2d 254 (Mo.1968) (where such expressed opinion was held not sufficiently prejudicial to require mistrial). We doubt that the statement here leads to the same implication. And it is unwarranted to assume that jurors lack the capacity to evaluate statements of this kind for what they are—excessive advocacy. We are unable to say

the court abused its discretion in refusing to grant a mistrial.

We have carefully reviewed defendant's other contentions of error and find them to be without merit.

Judgment affirmed.

SIMEONE, KELLY and McMILLIAN, JJ., concur.