■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOREEN GRAY, Appellant.— Appeal from a judgment of the County Court of Fulton County, rendered March 25, 1974, upon a verdict convicting defendant of the crime

675

of assault in the first degree. Following his departure from a tavern in the City of Gloversville some time after midnight and in the early morning hours of December 4, 1973, John Hand was stabbed with a knife. He testified that the person wielding the knife was the same person with whom he had been involved in an unpleasant incident earlier at the tavern. Although Hand was unable to identify the defendant as his assailant at trial, the proprietor of the tavern, one Ioele, testified he recognized defendant as a prior customer and that Hand and the defendant had left his establishment at the same time on the night in question following an altercation among some of his patrons. Certain circumstantial evidence also tended to confirm defendant's identity as Hand's attacker. On appeal defendant maintains that the trial court erred when it denied his request to interrupt the trial and conduct a hearing to determine whether Ioele's identification testimony should be suppressed. It appears that the prosecutor had not given any notice that such testimony would be offered and it was only on cross-examination by the defense that proof of Ioele's prior identification of the defendant while in police custody first came to light. The prosecution contends, that since Ioele was not an eyewitness or a victim capable of identifying the defendant " as a person who committed the offense charged " (within the meaning of CPL 710.30, subd. 1, par. [b]; CPL 710.20, subd. 5), his in-court identification was not subject to suppression or prior notice requirements. Although a novel argument, particularly in light of the somewhat different language employed in CPL 60.25 (subd. 1 par. [a], cl. [1]) and CPL 60.30, we need not consider this issue since the record in this case makes it abundantly clear that Ioele's in-court identification had an independent source and orign owing to his familiarity with defendant as a prior customer (*People* v. *Carter*, 30 N Y 2d 279). Defendant also asserts that the wounds suffered by Hand did not constitute the type of injury necessary to support a first degree assault conviction. We find no merit in this argument. Hand sustained several stab wounds in his arm and back which produced an inability to spontaneously open his left hand, a condition which had not improved at the time of trial over two months later. Furthermore, medical testimony corroborated the knifing attack as a potential competent cause of that condition. The jury was free to conclude that Hand's injuries were caused by the assault and resulted in the protracted impairment of health or the function of a bodily organ (cf. Penal Law, § 10.00, subd. 10; *People* v. *Rumaner*, 45 A D 2d 290). Finally, it is claimed that the trial court improperly restricted the scope of defense summation and erroneously refused to charge that the jury could draw an unfavorable inference from the failure of the prosecution to call certain persons as witnesses at the trial. The individuals concerned, Nina Curtis and Preston Stewart, were friends of the victim and had become engaged in an altercation in Ioele's establishment with the person later claimed to be the defendant well before the attack on Hand took place. There was evidence that both had been drinking and it appears the prosecutor duly informed defense counsel that Stewart would be unable to identify defendant as a participant in that incident if called as a witness. While it may have been better practice to afford the defense some leeway to comment on the absence of these individuals during closing argument (cf. *People* v. *Brown*, 34 N Y 2d 658), we cannot say that the restriction imposed amounted to reversible error. The failure to call them did not result in any prejudice to the defendant since, concededly, they were not eyewitnesses to the crime. In any event, their testimony would have been merely cumulative under the circumstances and unsubstantial. Accordingly, there was no compelling need for the prosecutor to produce them or for the court to accede to the

requested charge (*People* v. *Brown, supra; People* v. *Stridiron,* 33 N Y 2d 287; *People* v. *Moore,* 17 A D 2d 57). Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.