**STATE of Missouri, Respondent,**

v.

**Raymond YOUNG, Jr., Appellant.**

**No. KCD 29481.**

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

William A. Mallory, Butcher & Cline, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Raymond Young, Jr., was convicted of assault with intent to maim with malice aforethought. Section 559.180, RSMo 1969. The court fixed his punishment under the Second Offender Act at imprisonment for four years.

On this appeal Young contends the evidence did not show an intent to maim, did not show premeditation and forethought and did not show the pistol, as used, was likely to produce death or great bodily harm. Affirmed.

Fred Johnson was on duty as a garage attendant at the Tiger Hotel in Columbia in April, 1976. About 2:00 p.m. Johnson noticed his wife and an unidentified girl walk past the garage. Shortly after Johnson observed Young drive by the garage in a Cadillac. A few minutes later Young drove into the garage accompanied by Johnson's wife and an unidentified girl. Young informed Johnson that Johnson's wife wanted a divorce. Johnson told Young his wife knew where to contact him if she wanted a divorce. Johnson feared trouble and called his employer to ask him to come to the garage.

After some conversation, with Johnson's wife some distance away, Young walked toward Johnson. As he approached Young put a black glove on his right hand. When Young was close enough to Johnson to reach him, he shoved Johnson off balance. Young then drew a pistol and cocked it. He then struck Johnson on the head with the pistol butt. The first blow of the pistol was sufficient to knock Johnson back against the car and Young then struck him on the head with the pistol butt at least twice more. After striking the blows with the pistol butt, Young again cocked the pistol and told Johnson if he told anyone about the assault he (Young) had some "soldiers" that would get him.

Johnson spent a few minutes trying to get his balance and was finally able to stagger into the hotel lobby to obtain help. He left a trail of blood from the garage to the lobby and when he reached the lobby his head was covered with blood. Four stitches were required to close one of the head wounds and other head wounds required treatment as well.

In his first point Young argues the evidence was insufficient to show he had an intent to maim Johnson. Young seems to indicate that because he opted to strike Johnson with the pistol butt instead of shooting him there is an absence of an intent to maim.

In *State v. Wraggs*, 496 S.W.2d 38, 40[4, 5] (Mo.App.1973) the court held intent

to maim is equated with intent to commit great bodily harm. In *State v. Woody,* 406 S.W.2d 659, 661[5–7] (Mo.1966) the court held the jury could consider the nature of the weapon used, the manner of using it, the results of its use and all the related circumstances giving rise to the incident as a basis upon which to find an intent to maim or do great bodily harm. Here the jury was fully justified in finding Young had the intent to maim or do great bodily harm when he struck Johnson on the head three times with the pistol butt. The fact that he chose to beat Johnson with the butt of the pistol instead of firing the weapon does not show an absence of an intent to do great bodily harm. It is a matter of common knowledge that striking a person on the head with a pistol butt can cause death or great bodily harm. Here the evidence was sufficient to show this element of the crime.

 Young next asserts the assault was spontaneous, without premeditation and without forethought. Again, there is no merit in this contention. The evidence showed Young advanced on Johnson and as he did so he put on a black glove. " 'Afore-thought' means thought of beforehand, for any length of time, however short." *State v. Wraggs* at 40[1–3]. The fact that he drew a pistol, cocked it and then decided to strike instead of firing was sufficient to enable the jury to find premeditation and forethought.

■ Instruction No. 5 was in the form of MAI–CR 6.22(b). Young contends there was no evidence to support Paragraph Second which submitted "that the pistol was likely, as used, to produce death or great bodily harm."

This contention has been answered by what has already been said. The evidence that Young struck Johnson in the head with the pistol butt three times with sufficient force to throw him off balance, bloody his head and cause a wound which required four stitches to close was sufficient to enable the jury to find that the pistol, as used, was likely to cause death or great bodily harm, the fact that Johnson was not more

seriously injured does not militate against a finding that the pistol when used in the manner shown here was capable of producing death or great bodily harm.

The judgment is affirmed.

All concur.