**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donald S. EMORY, Defendant-Appellant.**

**No. 44004.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1982.

Motion for Rehearing and/or
Transfer Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George

Westfall, Pros. Atty., Clayton, for defendant-appellant.

Ray B. Marglous, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of armed criminal action and assault in the first degree and the resultant concurrent ten year sentences. We affirm.

The victim, Donald May, had resided in a house owned and occupied by John McBroom and his wife. McBroom was arrested and placed in jail. His wife left the house to live with her family. May then moved out, and believing that the McBrooms owed him a refund of money he had paid for room and board, took two pieces of furniture. These he sold to a friend, Baker, without telling him how the furniture was acquired. Defendant and his friend, LeMasters, moved into McBroom's home upon which defendant was to perform some work. After his release from jail, McBroom accompanied by defendant and LeMasters went to Baker's home in defendant's pickup truck to retrieve the furniture. They left Baker's home accompanied, possibly involuntarily, by Baker and went to the motel in which May was residing. May testified that the four men, led by McBroom, forcibly entered his motel room. McBroom had a knife; defendant a pistol. McBroom and defendant hit May repeatedly causing substantial bleeding to May's face. May was then taken to the pickup truck and driven south on I–270 some distance from his motel in north St. Louis County. The beating by both McBroom and defendant continued during this ride. In the vicinity of Dougherty Ferry Road and I–270 the truck stopped and May was taken up a hill into the woods by McBroom and defendant. The beating continued and at one point McBroom pointed a rifle at the back of May's head and pulled the trigger. The gun did not discharge at which time defendant threw a bullet to McBroom. LeMaster, and possibly Baker, then prevailed on McBroom not to kill May because of the

possibility of fingerprints in the motel room. The group returned to the pickup truck, went to a nearby hospital and left May in the parking lot near the emergency entrance. On numerous occasions throughout the ordeal McBroom threatened to kill May for stealing his furniture. May's testimony was that at one time or another he was beaten with fists, the butt end of the rifle, the handle of the knife, and unopened beer cans, and that he was also kicked in the head.

Defendant's evidence was that he was at the scene but that he did not participate in any assault of May and was not aware of any assault until May and McBroom began fighting while the vehicle was on I–270.

On appeal defendant raises several points. The first is that the trial court erred in giving the verdict-director on the first degree assault charge. That instruction was MAI–CR2d 19.02 utilizing bracket [2], but omitted the parenthetical insert specifying the means by which the attempt to kill or cause serious injury was made. The state in its brief admits that this constituted a deviation from MAI–CR2d, the prejudicial effect of which is to be judicially determined. It can be noted at the outset that MAI–CR2d 19.02 is not well-suited to submission of an assault of the kind here involved, consisting of a series of assaults utilizing different means which either individually or collectively or in combination create the injury, attempt, or grave risk contemplated by the charge of first degree assault. It may be feasible, although maladroit, to submit each of the various means of attack utilized "or any combination thereof" to meet the means insert of the instruction. It is more difficult to utilize the instruction, which requires inserting only one of the bracketed paragraphs[1], where the evidence warrants conviction under any one or more of those paragraphs depending upon the jury's finding of intent and the credence it places upon the evidence of each of the multiple attacks.

Here, for instance, the evidence of the rifle incident would support conviction under either [2] or [3] depending on the jury's assessment of whether defendant and/or McBroom believed the rifle was loaded or were unaware of whether or not it was loaded. The instruction as drafted required an election here by the prosecution which should not have been required. It is at least arguable that under the circumstances of this case modification of, or deviation from, MAI–CR2d 19.02 was justified. However, we will assume that the failure to specify the means constitutes an improper deviation from the instruction.

We are unable to conclude that such a deviation was prejudicial. Omission of the means would create prejudice only if there was evidence before the jury of a means of assault which would not support a jury finding that that means was utilized in an attempt to kill or cause serious physical injury. With the exception of the unloaded rifle (when used for shooting), all of the "means" testified to were capable of causing death or serious physical injury. *State v. Gillespie,* 336 S.W.2d 677 (Mo.1960) [1–4]; *State v. Wraggs,* 496 S.W.2d 38 (Mo. App.1973) [6, 7], cert. denied, 414 U.S. 1160, 94 S.Ct. 920, 39 L.Ed.2d 113 (1973); *State v. Young,* 570 S.W.2d 324 (Mo.App.1978) [1, 2]; *State v. Laususe,* 588 S.W.2d 719 (Mo.App. 1979) [4].

We turn to the rifle incident. A firearm, loaded or unloaded, is a deadly weapon. MAI–CR2d 33.01. Utilization of a firearm by attempting to discharge it into the head of another person is an attempt to kill or cause serious physical injury if the person utilizing the weapon believes it to be loaded. *See* Sec. 564.011 RSMo 1978. The evidence here established that McBroom repeatedly threatened to kill May. The actions of defendant and McBroom in their merciless beating of May supported that threat. Immediately after the trigger was pulled, defendant tossed a bullet to McBroom. There was evidence that

---

1. Those bracketed paragraphs hypothesize [1] knowingly causing serious physical injury or [2] attempting to kill or cause serious physical injury or [3] recklessly creating a grave risk of death.

McBroom and defendant were deterred from their efforts to kill May by the entreaties of LeMasters that fingerprints in the motel room would identify May's killers. Under these facts, it was a jury question whether the use of the rifle was an attempt to kill and the instruction required the jury to make that determination. We find no prejudicial error in the omission of the means utilized to conduct the assault.

■ We also reject defendant's contention that a variance existed between the indictment which charged defendant committed the offense "by means of a gun" and the verdict director which authorized the jury to assess Class A felony punishment if it found the offense was committed by means of "a deadly weapon or dangerous instrument." If, as defendant contends, "dangerous instrument" injects a new issue into the case, it is neither material to the merits of the case nor prejudicial to defendant's rights. *State v. Kirk,* 510 S.W.2d 196 (Mo.App.1974) [13–15]; *State v. Macone,* 593 S.W.2d 619 (Mo.App.1980) [6, 7]. Here there was evidence of both a deadly weapon (rifle) and dangerous instruments (knife and beer cans). *See* MAI–CR2d 33.01.

■ Defendant's argument that the "serious physical injury" element of the verdict director was unsupported by the evidence because of May's recovery without residual damage is patently frivolous. May sustained a broken arm, a concussion, and numerous lacerations. If it is arguable that the injuries actually sustained were not serious, the verdict director dealt with an "attempt" to cause such injuries not its fruition. *State v. Young, supra* [4].

■ Defendant next argues that the armed criminal action conviction was unsupported by evidence because the testimony of May that defendant had a gun was not credible. The credibility of the witness was for the jury, and nothing in the record establishes that May's testimony was "inherently incredible, self-destructive, or opposed to physical facts," nor does denial of appellate court relief "shock the sense of justice." *State v. Gregory,* 339 Mo. 133; 96 S.W.2d 47 (Mo.1936) [5, 6].

■ Defendant also asserts that the kidnapping, upon which the armed criminal action charge was based, and the assault were one continuous course of conduct thereby precluding conviction of armed criminal action because of double jeopardy. This contention has been resolved contrary to defendant in *State v. Smith,* 626 S.W.2d 256 (Mo.App.1981) [3]; *State v. Gormon,* 584 S.W.2d 420 (Mo.App.1979) [11].

■ Defendant next contends that the trial court erred in not including in the verdict director for armed criminal action paragraphs Third, Fourth, and Fifth of MAI–CR2d 2.12. Note on Use 6 of that instruction requires inclusion of those paragraphs "if the defendant is being charged with an offense committed by another person but other than the original offense contemplated by defendant that he and the other person would commit." The difficulty with defendant's contention is that armed criminal action is the same offense as the original offense contemplated by defendant, it differs only in the means used to accomplish the criminal activity. In a quadrilogy of cases, the Supreme Court of this state has addressed the nature of armed criminal action. *See Sours v. State,* 593 S.W.2d 208 (Mo. banc 1980), cert. denied, 449 U.S. 1131 (1981); *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980), cert. denied, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); *State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981), cert. dismissed, 455 U.S. 930, 102 S.Ct. 1297, 71 L.Ed.2d 474 (1982); and *State v. Kane,* 629 S.W.2d 372 (Mo. banc 1982). While it is possible to entertain some doubts that those four cases are internally consistent, the thrust of the four is that armed criminal action and the underlying felony used to prove armed criminal action are the same offense for double jeopardy purposes under the same evidence test. We see no reason to apply a different test here. While delineated as a separate offense by statute, armed criminal action is an enhancement statute which enlarges the punishment assessed for the underlying felony because of the means by which it was ac-

**28**

complished. Under such circumstances it is unnecessary to include the three paragraphs of MAI–CR2d 2.12 of which defendant complains. We find no error.

■ Defendant also challenges certain remarks of the prosecutor during final argument. These related to a statement in a deposition by the victim which was consistent with his testimony on direct examination. On cross-examination defendant had sought to impeach the victim through testimony given at an earlier trial of McBroom which testimony was arguably inconsistent with the witness' testimony on direct. On re-direct the prosecution elicited the prior consistent deposition testimony given before the McBroom trial which the victim testified he remembered and reaffirmed. The testimony was admissible because of the impeachment by defendant. *State v. Williams,* 575 S.W.2d 838 (Mo.App.1978) [1, 2]; *State v. Cox,* 542 S.W.2d 40 (Mo.App. 1976) [7–11]. Having admitted that he made the prior statement and affirming its truth, the witness adopts the statement and, pursuant to the last parenthetical phrase of MAI–CR2d 3.52, it may be given substantive value. We also do not believe the prosecutor's statement to be a comment on the substantive value of the testimony. At most the argument called the jury's attention to MAI–CR2d 3.52. The point is without merit.

We need not discuss defendant's remaining points for they were either not preserved, were clearly controlled by prior precedent, or involved discretionary rulings in which no prejudicial abuse appears. The parties are referred to *State v. O'Toole,* 619 S.W.2d 804 (Mo.App.1981) [2, 3]; *Wills v. State,* 8 Mo. 52 (1843); *State v. Ladner,* 613 S.W.2d 951 (Mo.App.1981) [1–5]; *State v. Burnham,* 501 S.W.2d 521 (Mo.App.1973) [2, 3]; *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972) [14–15]; *State v. Madewell,* 603 S.W.2d 692 (Mo.App.1980) [4, 5].

Judgment affirmed.

PUDLOWSKI and SATZ, JJ., concur.