**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ernest MENTOLA, Defendant-Appellant.**

**No. 13736.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 23, 1985.

Motion for Rehearing or Transfer to
Supreme Court Denied May 16, 1985.

Application to Transfer Denied
June 25, 1985.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald L. Catlett, Asst. Public Defender, Rolla, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of assault in the first degree and sentenced to ten years' imprisonment. Defendant presents two points relied on.

Defendant was charged under § 565.-050.1(1), RSMo 1978 (since amended, see RSMo 1984). It states that assault in the first degree can be committed if one "knowingly causes serious physical injury to another person". Defendant contends that the evidence was insufficient to support the change because there was no evidence that the victim of the assault suffered "serious physical injury".

" 'Serious physical injury' means physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." § 556.061(24), RSMo Supp.1982 (since amended, see RSMo Supp.1984).

In reviewing to determine if the evidence was sufficient to support the charge, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *State v. Morrison,* 659 S.W.2d 346, 347 (Mo.App.1983).

▇ There was testimony that defendant hit the victim across the jaw and then over the head with a brass candlestick. The victim suffered a broken jaw which was wired shut by a physician for six weeks. Some shattered bone found under the victim's tongue was removed by the physician. Forty-five stitches were taken in his head. At trial, ten months after the incident charged, he testified:

Q [David G. Warren, Prosecuting Attorney] Did you lose any teeth or later find out after the operation that any teeth had been extracted?

A Yes, I lost one.

Q What area was that from?

A The bottom one here (indicating). The eye tooth I guess they call it.

Q That would be the lower left part of your jaw or your teeth?

A Yes.

Q Have you continued to have any problems because of this or notice any pain or any difference in your head area because of the injuries that you suffered that day?

A Yes.

Q And can you tell the jury what those are?

A I never have regained the feeling back in my jaw, it's still numb. And after I eat I get a sharp pain and my teeth are loose, which I'll have to see Dr. Williams. If he's here today, I'm going to talk to him about it. But he told me that the feeling wouldn't come back for a very long period of time.

There was no evidence that the injuries created "a substantial risk of death" or

"serious permanent disfigurement". There was evidence of a protracted loss or impairment of the function of a bodily member or organ.

■ "Protract" means "To draw out or lengthen in time; prolong." American Heritage Dictionary 1052 (1978). Obviously, protracted is something short of permanent, but more than of short duration. What is considered protracted depends on the circumstances. *People v. Obertance*, 105 Misc.2d 558, 432 N.Y.S.2d 475, 476 (1980).

[3, 4] A fracture of the jaw preventing a victim from chewing food for six weeks is a "protracted loss or impairment". *State v. Welton*, 300 N.W.2d 157, 160 (Iowa 1981). The jaw is a "member" or "organ" of the body. *Id.* 300 N.W.2d at 161. See also *People v. Obertance*, supra, 432 N.Y. S.2d at 476–477 (Eight days can be a "protracted" period.); *People v. Gray*, 47 A.D.2d 674, 363 N.Y.S.2d 968, 970 (1975) (Two months can be protracted impairment of health.)

■ Laying aside the problems the victim was still suffering with at trial time, six weeks' impairment of the jaw was sufficient for the jury to find serious physical injury. Compare also *State v. Emory*, 643 S.W.2d 24, 27 (Mo.App.1982); *State v. Teal*, 624 S.W.2d 122, 124 (Mo.App.1981); *Cheatham v. State*, 85 Wis.2d 112, 270 N.W.2d 194, 198 (1978). We conclude that this point has no merit.

In his remaining point defendant contends that the trial court erred in denying his motion to strike the jury panel because of a remark made by a venirewoman. He asserts that this remark prejudiced the entire panel and infringed his right to a fair trial as it "implies criminal conduct other than the charge before the Court".

Defendant's counsel had asked the prospective jurors if any of them could not keep in mind that the "charge is merely a piece of paper and it's not evidence?" One person apparently raised her hand. When called upon by defendant's counsel, she responded, "I know of two other assault victims—". She was interrupted by the trial judge and excused.

■ The trial court is vested with broad discretion in determining if a jury panel should be dismissed and its ruling is not disturbed on appeal unless it clearly indicates an abuse of discretion. *State v. McKinney*, 630 S.W.2d 96, 99 (Mo.App. 1981). The trial court is in a better position than an appellate court to determine what effect, if any, the statement had on the prospective jurors. *Id.*

■ The venirewoman did not say that defendant committed other assaults. She could have intended to say that she knew two persons who had been assaulted by someone else. It is not established that her remark was derogatory to defendant or that others on the panel interpreted her remark to indicate that defendant had committed previous assaults. If they thought she was saying that she knew two other people who were assaulted in the same disturbance from which this charge arose, that was not prejudicial. Evidence indicating that others were involved and could have been assaulted was presented during the trial. We find no abuse of discretion in denying the motion to quash the panel. Compare *State v. Byrd*, 676 S.W.2d 494, 500 (Mo. banc 1984). This point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.