**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Thomas MAXIE, Defendant-Appellant.**

**No. 48630.**

Missouri Court of Appeals, Eastern District, Division Three.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer Denied Aug. 7, 1985.

---

John Putzel, Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant Thomas Maxie does *not* appeal his conviction and thirty year sentence as a prior felon for first degree burglary. Instead, he challenges only his conviction and ten year consecutive sentence for second degree assault upon the 80-year-old robbery victim. This depends on whether he caused her a mere "physical injury" or, as found by the jury, he committed upon her a "serious physical injury".

Both statutory terms are defined in Section 556.061 RSMo. By paragraph (19) "physical injury" includes pain or impairment of physical condition. By paragraph (24) "serious physical injury" includes "protracted loss of the function of any bodily member or organ"; by its instruction number seven the trial court so defined serious physical injury.

■ The pertinent evidence: Defendant broke into the victim's home when she was alone. When she saw him and screamed he grabbed her recently broken arm, punched her jaw, pushed her about, and she then passed out; when she came to she had been removed to another room and had bruises on her face and mouth and an apparently broken rib. Police found the injured victim semi-conscious and the defendant hiding in another room. The victim was promptly taken to a hospital.

In *State v. Emory*, 643 S.W.2d 24[3] (Mo.App.1982) the victim sustained "a broken arm, a concussion and numerous lacerations". As here, that defendant contended this did not show a serious physical injury. We ruled this contention was "patently frivolous". See also *State v. Perry*, 643 S.W.2d 58 [8–10] (Mo.App.1982), holding evidence of a victim's injuries is admissible to show the character of the assault, and evidence thereof is within the trial court's discretion. Here, the appearance and demeanor of the aged victim enabled the trial court to weigh her uncontradicted testimony.

■ As to defendant's argument for a lower degree of assault instruction see *State v. Walker*, 505 S.W.2d 119[9] (Mo.App.1973). There as here the defendant had no evidence of a lower degree of assault and the state's evidence showed the purpose of the assault was to maim the victim. The court held there was no error in refusing to instruct on a lower degree of assault. And in *State v. Bibbs*, 634 S.W.2d 499[8, 9] (Mo.App.1982), as here, the defendant denied involvement in the assault it was held there was no need to instruct on a lesser offense.

The trial court did not err in giving the challenged instruction.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.