STATE of Missouri,
Plaintiff-Respondent,

v.

Ralph Eddie LAWSON,
Defendant-Appellant.

No. 15041.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1987.

Application to Transfer Denied
Nov. 17, 1987.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following trial by jury defendant was convicted of class C felony stealing. § 570.030, RSMo 1986. Defendant was charged with stealing a saddle. He was sentenced to five years' imprisonment. Defendant appeals.

His first contention on appeal is that the trial court erred in allowing the testimony of Eddie Nutt because Nutt's testimony was a direct result of information disclosed by defendant during plea negotiations. There is no claim that the state agreed during the negotiations that it would not use Nutt as a witness or not use evidence derived from those discussions.

Nutt testified that defendant said he was out of work and needed money. Nutt bought a saddle from defendant for $135. Nutt also said that defendant, subsequent to his arrest, asked him to call defendant's attorney and tell him that Nutt had bought the saddle from "John" or "Ron". Defendant states that this testimony violated Rule 24.02(d)(5). It states:

Inadmissibility of Pleas, Offers of Pleas, and Related Statements. Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or of an offer to plead guilty to the crime charged or of any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made

in connection with, and relevant to, a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

■ This rule does not indicate that it prohibits the testimony of witnesses whose involvement is learned in plea bargain discussions. Although evidence of a plea of guilty or an offer to plead guilty or of statements made in connection therewith are not admissible, the state is not foreclosed from proving relevant facts from independent sources even though those facts were discussed during plea negotiations. *Shriver v. State*, 632 P.2d 420, 426 (Okla. Crim.App.1980), cert. denied, 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980). This contention is denied.

■ Defendant also complains about a portion of the prosecuting attorney's closing argument saying that defendant "lies to his own attorney. Says, hey, tell them I took that saddle back to Jeanie Pitts up in Kansas City" and that defendant "[l]ies about taking one of the saddles back to Jeanie." There was no objection to this argument.

Request for relief from improper argument must be timely made to preserve them for appellate review. *State v. Fanning*, 647 S.W.2d 177, 178 (Mo.App.1983). Acknowledging that this is so, defendant asks for plain error relief. The record does not disclose that manifest injustice or miscarriage of justice resulted. Rule 30.20. This point is denied.

■ Defendant's remaining contention is that the trial court erred in not granting a motion for mistrial based upon a communication between a witness who claimed to have owned the saddle defendant was charged with stealing and a venireman. The conversation occurred before the voir dire examination. The trial court heard evidence regarding the conversation. There the witness, Nancy Myers, stated she told the venireman that she "had a saddle stolen.... And this was my case." She said she was talking lower than "a normal conversational tone" and was at least five feet from any other jurors. The venireman she was talking to was struck for cause.

It is possible that no other juror heard her comments, but even if so, it does not appear that what was said would have been so prejudicial as to have required a mistrial or that the entire jury panel be discharged. The witness testified to the same fact she stated.

The trial court is vested with broad discretion in determining if a jury panel should be dismissed and on appeal that ruling is not disturbed unless there is a clear abuse of discretion. *State v. Mentola*, 691 S.W.2d 420, 422 (Mo.App.1985). The trial court is in a better position than this court to determine the effect, if any, the statements had on other prospective jurors. *Id.* See also *State v. Greathouse*, 694 S.W.2d 903, 909 (Mo.App.1985). This point is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.