978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Thomas MAXIE, Appellant,
v.
William WEBSTER; James A. Gammon, Appellees.
 No. 91-3292.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 26, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Maxie appeals from denial of his petition for writ of habeas corpus. We affirm.
 
 
 2
 Maxie was convicted in a Missouri state court of one count of first-degree burglary and one count of second-degree assault. His convictions were affirmed on appeal, State v. Maxie, 693 S.W.2d 161 (Mo. App. 1985), as was denial of his state court petition for postjudgment relief. Maxie v. State, 745 S.W.2d 751 (Mo. App. 1988). He filed a petition in federal court for writ of habeas corpus raising three claims; it was dismissed without prejudice for failure to exhaust state remedies. After exhausting his state remedies, he filed a second petition, which was denied. In his third petition, Maxie claims that the trial court erred in not giving a lesser-included offense instruction and in submitting assault in the third degree, and that trial counsel was ineffective because of failure to inform Maxie that the sentencing judge had been a circuit attorney at the time of Maxie's earlier murder conviction. The State urged in the district court that these claims were an abuse of the writ. A show cause order was issued, Maxie failed to respond, and in light of this failure, the magistrate judge[1] recommended dismissal for abuse of the writ. The district court[2] adopted the recommendation.
 
 
 3
 On appeal, Maxie argues that the appointment of counsel and a hearing were required. He states that the third petition, specifically his claim that a lesser-included offense instruction should have been given, was not an abuse of the writ because there was cause for omitting this argument in the second petition: namely, that he was illiterate and unable to present his claims. Accordingly, he argues the conviction for second degree assault should be set aside.
 
 
 4
 In the district court the State argued abuse of the writ, and Maxie raised no claim of cause and prejudice until making the illiteracy argument in his objections to the magistrate judge's report and recommendation. We have held that ignorance of the law is not cause. Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir.), cert. denied, 493 U.S. 942 (1989); see also Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988) (pro se status and lack of education do not constitute cause); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988), cert. denied, 490 U.S. 1100 (1989) (pro se status and lack of familiarity with "the American language and court system" are not cause). Further, Maxie's claim that illiteracy caused him to default is unconvincing, because he raised his instructions argument in his first habeas petition, which was dismissed for failure to exhaust, but then did not reassert the claim. In sum, Maxie has not shown cause.
 
 
 5
 Finally, we conclude that the ineffective assistance claim is successive because it was resolved on the merits in the second petition. The district court did not err in denying the petition.
 
 
 6
 The judgment is affirmed. See Eighth Cir. R. 47B.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri