# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4225

_____

Pedro Guzman

*Petitioner - Appellant*

v.

Larry Denney, Warden

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: June 1, 2017
Filed: July 6, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Pedro Guzman appeals the district court's order denying his 28 U.S.C. § 2254 petition challenging his Missouri conviction for first-degree assault. We grant a certificate of appealability, vacate the district court's judgment, and remand for further proceedings. See Slack v. McDaniel, 529 U.S. 473, 478 (2000) (COA requirements).

Guzman claimed in his section 2254 petition that, during the plea-bargaining process in his state criminal proceedings, trial counsel provided ineffective assistance by incorrectly advising him that the victim's injuries were not severe enough to support a conviction for second-degree assault. Guzman rejected an offer to plead guilty to second-degree assault and receive a five-year prison sentence. Thereafter, the State amended the charge to first-degree assault; Guzman eventually pleaded guilty to this charge and was sentenced to 25 years in prison.

The district court correctly determined that Guzman had procedurally defaulted his claim because his counsel omitted it from his state post-conviction motion. See Mo. Sup. Ct. R. 24.035 (motion must include every claim known, and movant shall declare that all known claims are listed and that all other known claims are waived). We conclude, however, that the default is excused, because post-conviction counsel erroneously omitted a claim with "some merit." See Martinez v. Ryan, 566 U.S. 1, 14 (2012) (ineffective assistance in state collateral proceeding may establish cause for default of trial-related ineffective-assistance claim, if state law requires such claims to be presented in collateral proceeding, and if trial-related ineffective-assistance claim has "some merit"); Arnold v. Dormire, 675 F.3d 1082, 1088 (8th Cir. 2012) (because Missouri practice provides that movants must wait until post-conviction proceeding to raise claims of ineffective assistance of trial counsel, movants can raise Martinez error to excuse default by post-conviction counsel).

Specifically, the state-court record includes evidence that trial counsel told Guzman that the State would have difficulty proving second-degree assault, because the victim's injuries did not amount to "serious physical injury." See Mo. Rev. Stat. § 565.060 (2000) (person commits second-degree assault if he or she, inter alia, knowingly causes or attempts to cause serious physical injury to another person under influence of sudden passion arising out of adequate cause, or recklessly causes serious physical injury to another person). Evidence that was available to trial counsel at the time, however, showed that as a result of Guzman's punch, the victim

momentarily lost consciousness, and suffered a broken jaw and three chipped teeth. Advice that this was insufficient to show "serious physical injury" would have been erroneous, and below an objective standard of reasonable competence. See Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995) (counsel's performance is constitutionally deficient if it falls below objective standard of reasonable competence); Mo. Rev. Stat. § 565.002(6) (2000) ("serious physical injury" includes physical injury that causes protracted impairment of the function of any part of the body); State v. Mentola, 691 S.W.2d 420, 421-22 (Mo. Ct. App. 1985) (fracture of jaw preventing victim from chewing food for 6 weeks was "protracted loss or impairment"; noting 8 days could be "protracted" period).

We remand for further proceedings to determine whether Guzman can show he was prejudiced by counsel's erroneous advice, because it influenced his decision to reject the five-year plea offer. We note that other reasons that also may have influenced Guzman's decision to reject the plea offer do not necessarily preclude him from showing that counsel's erroneous advice was a motivating factor in the decision.

_____