Danny PARKER, Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36223.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 27, 1976.

Whitfield, Montgomery & Walton, Harold L. Whitfield, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Preston Dean, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury in the Circuit Court of the City of St. Louis convicted Danny Parker of two counts of Robbery First Degree with a dangerous and deadly weapon, Sections 560.120 and 560.135 RSMo 1969. The trial court sentenced him pursuant to the Second Offender Act, Section 556.280, to 20 years imprisonment for each count, the sentences to run concurrently. He appeals.

Defendant's sole point of appeal is that there was insufficient evidence that he had been convicted of a prior felony. Thus he claims the Second Offender Act was inapplicable and the jury should have assessed punishment.

The state's proof consisted of: 1) a certified authenticated copy of the court record from the Circuit Court of St. Clair County, Illinois, where Ronald D. Parker had pleaded guilty to robbery on September 9, 1970, and 2) an authenticated copy of confinement of Ronald D. Parker in an Illinois penitentiary; 3) prison records which included the date of birth, height and weight, a photograph of Ronald D. Parker, and a description of him which indicated he had a three-inch scar on his forehead.

Out of the hearing of the jury the court received the above prior conviction testimony. The court ordered defendant to stand, compared him with the photograph submitted, observed the scar across defendant's forehead, and found defendant Danny Parker to be the same person that was committed to the Illinois penitentiary under the name Ronald D. Parker.

■ The standard of review consistently applied in this type of case is whether the evidence of a prior conviction was sufficient to support the invocation of the Second Offender Act. *State v. Cook,* 463 S.W.2d 863, 869 (Mo.1971); *State v. Ransom,* 500 S.W.2d 585, 589 (Mo.App.1973). Where there is partial and incomplete identity of names, there must be some additional evidence matching the accused with the person previously convicted. *State v. Baugh,* 323 S.W.2d 685, 691 (Mo. banc 1959); *State v. Ransom, supra,* 500 S.W.2d at 588[7]. Here we have the additional evidence of a photograph, a physical description of defendant which listed the unique feature of a three-inch scar across the forehead, and defendant's presence in the courtroom for comparison by the judge. We hold this evidence to be sufficient. When the names are similar but not identical, comparison of the defendant with a physical description, *State v. Cook, supra,* 463 S.W.2d at 868–69; *State v. Wraggs,* 496 S.W.2d 38, 41[10] (Mo.App. 1973); or with a photograph, *State v. Humphrey,* 462 S.W.2d 804, 808[4] (Mo.1971); *State v. Trevino,* 428 S.W.2d 552, 554[2] (Mo.1968), has been held proper and sufficient to prove defendant's record of prior conviction.

The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.