**STATE of Missouri, Respondent,**

v.

**Norman D. BUCKNER, Appellant.**

**No. 40488.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 1979.

Robert C. Babione, Public Defender, Michael P. David, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Booker T. Shaw, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was found guilty by a jury of stealing property of a value of at least fifty dollars. Subsequently he was sentenced by the court under the Second Offender Act to a term of six years in the Department of Corrections. He appeals.

Norman D. Buckner was apprehended in Famous-Barr on November 18, 1977. Two

witnesses at trial testified that Buckner proceeded to the counter of men's furnishings and put some gloves in a partially unwrapped jacket. As Buckner started to leave, he was apprehended by the two witnesses. Thirteen pairs of gloves were found in his jacket.

Defendant raises two points on appeal; both are without merit.

He contends that proof of a prior conviction was insufficient and, therefore, that the Second Offender Act should not have been applied. Defendant was charged in this case as "Norman D. Buckner", also known as "Norman Dennis Buckner". He was charged under the Second Offender Act as having been convicted in the circuit court of the City of St. Louis on April 12, 1973 of the offense of carrying a concealed weapon. Further it was alleged that he had been sentenced and imprisoned. Some of the records indicated that the defendant named in the 1973 case was "Norman Dale Buckner".

In order for the Second Offender Act to apply in this case the state was required to prove: (1) a prior conviction; (2) subsequent imprisonment; and (3) identity of the prior offender with the present defendant. § 556.280 RSMo 1969. Defendant does not challenge proof of the first two elements, but contends that the evidence fell short on the issue of identity.

■ Here, the court had before it the serial record which shows the identity of "Norman Dennis Buckner" with "Norman Dale Buckner". Further, the court had testimony from the defendant which alone was sufficient to sustain the court's conclusion that the person convicted of carrying a concealed weapon and the defendant were one and the same person. When the court took the state's evidence on the Second Offender allegation, out of the presence of the jury, the defendant voluntarily took the stand and denied that he was ever known as "Norman Dale Buckner". On cross-examination, he admitted that he had entered a plea of guilty in April, 1973 as "Norman Dennis Buckner" to the charge of carrying a concealed weapon. The court then en-tered its order concluding that the Second Offender Act was applicable. Defendant later took the stand before the jury in his defense and, among other convictions, admitted that on April 12, 1973 he had been convicted of carrying a concealed weapon. These facts and circumstances as to proof of identity as required to apply the Second Offender Act are very similar to those in *State v. Larkins*, 518 S.W.2d 131 (Mo.App. 1974). We find no error here.

■ Defendant next contends that the court erred when it sentenced him to a term of six years imprisonment because such sentence is wholly disproportionate to the severity of the offense committed. This sentence, it is claimed, constitutes cruel and unusual punishment.

The defendant was charged with stealing property of a value of at least $50. §§ 560.156, 560.161 RSMo 1969. These statutes provide for a maximum sentence of 10 years imprisonment. Our Supreme Court has said: "there can be no complaint of excessive punishment when it is within limits imposed by law." *State v. Cook*, 440 S.W.2d 461, 463[1] (Mo.1969). This point also fails.

Affirmed.

GUNN and CRIST, JJ., concur.