STATE of Missouri,
Plaintiff-Respondent,

v.

James HAYES, Defendant-Appellant.

No. WD 30842.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Robert S. Drake, Jr., Warsaw, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Defendant appeals his conviction as a second offender for the crime of forgery. The court sentenced the defendant to three years imprisonment on a jury verdict finding the defendant guilty.

The appeal raises issues of claimed error in an alleged failure to provide discovery, proof under the Second Offender Act, and error in the instructions.

The check in question was a payroll check made to Lenny Carver. Carver's check was placed in a company mailbox to be picked up by him. It was not there when he attempted to pick it up. Carver testified that the endorsement on the check, "Lenny Carver," was not his endorsement. A filling station attendant named Hoskins testified he cashed the check for the defendant whom he had known for three months. Hoskins said that the defendant told him the check was the defendant's brother-in-law's check, and the payee, purportedly the defendant's brother-in-law, owed the defendant money.

Defendant's first contention is that the evidence does not show the defendant was the same person as the James Wayne Hayes and the Jimmy Hayes for which prior convictions were shown. The court admitted three prior offenses and rejected a fourth. State's Exhibit 4, a transcript of the certified serial record of "James Wayne Hayes,"

established that "James Wayne Hayes" had been convicted under the name "Jimmy Hayes" of second degree burglary and stealing in Cooper County on March 15, 1965, and had been convicted under the name "James Wayne Hayes" of issuing an insufficient funds check on November 28, 1972, in Pettis County. This serial transcript also disclosed that the individual had been incarcerated under the names, "James Wayne Hayes" and "Jimmy Hayes." The exhibit contained a detailed physical description of the individual charged, as well as a picture which the trial court compared with the defendant's physical appearance. The court observed that State's Exhibit 4 "identifies that individual as the same person here in the picture and reflects it to be the same individual that is referred to some places as Jimmy and some places as James."

■ The defendant was present, the court could see him, the record showed that the individual charged in the prior offenses shown in the photograph was known as Jimmy and James Wayne. The court could find from observation that the present defendant was one and the same person. *Parker v. State*, 539 S.W.2d 746 (Mo.App.1976) and *State v. Buckner*, 585 S.W.2d 262 (Mo. App.1979).

■ The second issue raised is a claim that the State failed to make a proper response to discovery and that a failure to provide a "summary" or memo of what Hoskins would testify to "surprised" the defense when he testified as to the defendant's claim that the check was the defendant's brother-in-law's check. The discovery afforded the defendant was pursuant to this request:

"Any written or recorded statements and the substance of any oral statements made by the Defendant or by a co-defendant, a list of all witnesses to the making, and a list of all witnesses to the acknowledgment of such statements, and the last known addresses of such witnesses."

In response to this request, the State supplied the names and addresses of four witnesses, including the name and address of Hoskins. The prosecutor also stated: "All statements and memoranda known to the State are included in the State's file and are available for your review." The prosecutor also noted:

"I will be happy to discuss any of these matters with you and show you any other items which I have in my file and obtain for your inspection any exhibits or other items which are not in my possession."

The prosecutor disclosed the tenor of Hoskins' testimony on opening statement. The defendant objected, and the court deferred ruling. When Hoskins appeared to testify, the court held a hearing out of the presence of the jury. The witness said he had testified to the defendant's statements at preliminary; the defendant denied they were testified to by Hoskins at the preliminary. A report from the Sheriff's office was produced from the Prosecutor's file which stated in pertinent part:

"Hoskins stated the check was already made out. He did not see Hayes write anything on the check. Hayes told Hoskins the check was made out to his brother-in-law and that he was cashing the check for him."

Pursuant to an offer by the trial judge, the defendant interviewed Hoskins before his testimony; but the trial court refused a continuance and overruled an objection to the testimony. The Hoskins version of the events differed from an exculpatory statement made by defendant to the police in which defendant admitted cashing the check but claimed it was at the request of one Bill Clark or Phil Clark who claimed that Carver had given Clark the check because Carver owed Clark money.

Rule 25.36 (Now Rule 25.07) provides:

"Unless otherwise ordered by the court, disclosure under Rules 25.32 through 25.-35 shall be:

(A) In a manner agreed to by the state and the defendant, or

(B) By the party making disclosure notifying opposing counsel that the material and information to be disclosed may be inspected, obtained, tested, copied or pho-

tographed at a specified time and place and whether suitable facilities are available."

A response such as the one made here has been held to have substantially complied with Rule 25.36(B) (Now Rule 25.-07(B)). *State v. Washington*, 570 S.W.2d 838, 841 (Mo.App.1978). Production of the prosecutor's file will constitute substantial compliance with the Rules of Criminal Discovery unless the defendant's discovery request encompasses discoverable items "not within the file." *State v. Bebee*, 577 S.W.2d 658, 661 n. 4 (Mo.App.1979).

The thrust of the defendant's complaint is that the request put a heavy burden on defendant's counsel to travel from the venue in Benton County to Pettis County or from defense counsel's office in Henry County to Pettis County. Defendant ignores the "unless otherwise ordered" language of the rule. The relief sought could have been obtained by motion if the burden argument had any validity. Careful defense counsel will move for at least a list of discoverable items to prevent later disputes as to the file's "contents" at the time of inspection. The trial judge, in any event, gave all the relief required under Rule 25.45 (now 25.16) since he permitted an interview. This was no case for a mistrial.

The third point urged is error in the instructions and a failure of evidence of the elements of the offense. The original motion for new trial did not raise the instruction issue now presented. An amended, untimely motion was filed raising additional claims of error and the brief, as filed here, asserts error on an entirely different theory. Such improperly preserved error can only be considered as plain error upon a "finding that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Instructional error will not be considered "plain error" unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Hines*, 581 S.W.2d 109, 111 (Mo.App.1979); *State v. Johnson*, 559 S.W.2d 756, 758 (Mo.App. 1977).

There is no necessity to undertake a detailed examination of the instructions in this case. The contention of the defendant may be stated as follows: The claim is that the charge was "uttering" a forged instrument, and the proof supports that charge. Defendant claims, however, that the element "offered as true" was error, the appropriate alternative language, the defendant contends, being "used as true." This argument is based on defendant's assertion that since the check was accepted, it was "used" and not, as he puts it, "merely offered" which defendant equates with "utter." The answer is the word "utter," simply means to put or send into circulation, or to offer. *State v. Hartman*, 364 Mo. 1109, 273 S.W.2d 198, 206–07 (Mo. banc 1954). It is immaterial whether the instrument is accepted as true; "[t]o utter as used in a statute proscribing forgery and counterfeiting means to offer, whether accepted or not, a forged instrument with the representation by words or actions, that the same is genuine." *State v. Washington, supra* at 841 n. 1.

So, too, with defendant's claim that the submitted element, "that it had been so altered that it had purported to have been made by another," could not apply to this case since the defendant did not claim he was Carver. Defendant claims the proper submission should have been to require a finding that the check purported to have been made "by authority of one that did not have such authority." No such issue was in this case. The jury knew the check was a valid instrument payable to Carver and that only the forged and false endorsement was in issue. There was no misdirection nor nondirection, much less such as could have caused manifest injustice or a miscarriage of justice.

Finally, defendant, in effect, reargues his instruction points in the guise of a claim that the evidence did not support the findings of knowledge of falsity on the part of the defendant and proof of "purported to be made by another." These three points border on the frivolous. It is sufficient to

say the possession of, and an attempt to pass, a forged instrument raises a presumption that the person in possession forged it and, unless its possession or use is explained to the satisfaction of the trier of the facts, such presumption becomes conclusive. *State v. Washington, supra* at 843; *State v. Gilyard,* 523 S.W.2d 564, 568 (Mo.App.1975). "Since defendant was conclusively presumed to have forged the check in question, it would debase simple logic to say that defendant had no knowledge of the check's falsity." *State v. Washington, supra* at 843.

The judgment is affirmed.

All concur.