STATE of Missouri, Respondent,

v.

Francis MOORE, Appellant.

No. WD 33118.

Missouri Court of Appeals,
Western District.

Nov. 23, 1982.

As Modified Jan. 4, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 4, 1983.

Fred Duchardt, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Francis Moore was found guilty by jury of stealing property valued at over $150, and a sentence of seven years imprisonment was recommended. The court found Moore to be a persistant offender, and sentenced him to fifteen years imprisonment. On this appeal, Moore contends that the State failed to disclose certain information to him, and thus prejudiced him by depriving him of an opportunity to prepare a defense. Reversed and remanded.

At approximately noon on April 9, 1980, a neighbor of Clifford McCaslin noticed two men carrying a box from Mr. McCaslin's Kansas City home to a silver Camaro. The neighbor reported this observation to the

police. A short time later, two police officers spotted a silver Camaro with two male passengers traveling in the direction which the neighbor had reported that the car was heading. The police stopped the car and arrested Moore, who emerged from the passenger side of the car. The officers' survey of the car's interior revealed a pair of gloves on the passenger seat, and another pair of gloves on the floorboard in front of the drivers seat. Items reported to have been taken from the McCaslin home were found behind the drivers seat.

At the time of his arrest, Moore stated that he knew nothing about any stolen property, because he had been hitchhiking and was picked up by the Camaro's driver only shortly before the car was stopped by the police. The car bore a Nebraska license plate, and Moore gave an Omaha, Nebraska address. It was towed to police headquarters, and searched pursuant to a search warrant. Several guns and other items taken from the McCaslin home were found in the car and in the trunk.

Prior to trial, the public defender filed a request for disclosure under Rule 25.03. Among the items requested pursuant to that rule was information relating to any object which the State intended to introduce into evidence at the trial, or which was obtained from or belonged to the defendant. The State made no formal response to the request. Rather, it is the apparent policy of the Clay County prosecutor to allow a defendant's counsel to examine the State's file. Such an examination was in fact made in this case by Moore's counsel. The State has conceded, however, that at the time the examination was made, the back side of one sheet of a police report was missing from the prosecutor's file. The missing sheet stated that a gold ring with a diamond setting had been taken from Moore, and turned over to McCaslin. The information in the file at the time that Moore's counsel examined it alleged that jewelry had been taken, but failed to specifically identify any pieces of jewelry.

At trial, it came out for the first time that a man's ring which had been taken from Moore had been identified by McCaslin as belonging to McCaslin's son, who occupied a room at the McCaslin home. Moore failed to object when this matter first came out, but did object later,[1] on the grounds that the State had not disclosed this information pursuant to Moore's request for disclosure, and that the State had failed to disclose that the ring would be introduced into evidence.

Moore moved that all evidence indicating that the ring was the property of McCaslin's son be stricken, and this motion was denied. Moore's counsel informed the court that the ring had been specially made for Moore by a jeweler in Omaha. Counsel further stated that he had talked to the jeweler after he learned of the McCaslin claim, and that he believed the jeweler would testify that the ring had been made by him for Moore. Counsel's request for a continuance which would allow him to obtain the testimony of the jeweler was denied by the trial judge, who observed that the jury had already been assembled, and that he had a heavy docket awaiting disposition.

Thus, the trial continued. In final argument, the prosecutor placed heavy emphasis on the fact that the ring taken from Moore belonged to McCaslin's son. The evidence regarding the ring was particularly important because McCaslin's neighbor testified that he could not identify the two men in the car or recall the car's license number. The jury found Moore guilty of stealing.

In this motion for new trial, Moore raised the matter of surprise resulting from the State's failure to disclose that the ring taken from Moore was claimed by McCaslin and would be introduced in evidence. At a hearing on that motion, Moore introduced a statement that had been taken since the

1. The State does not contend that the late objection is dispositive of the point. The court granted leave for counsel to make the late objection in light of the fact that counsel had been surprised by the testimony and realized late the significance of it. In any event, the matter was fully presented to the trial court while there was still time for corrective action.

close of the trial from the jeweler in Omaha who claimed that the ring introduced into evidence was the same one that he had made for Moore. This new trial motion was overruled.

Moore now contends that he was prejudiced by the State's failure to disclose that the ring taken from Moore was claimed by McCaslin to belong to his son, and that it would be introduced into evidence. Moore claims that this deprived him of the opportunity to have either the jeweler or his deposition available at trial for the purpose of showing that the ring had been specially made for Moore.

Rule 25.07 provides that disclosure under Rule 25.03 shall be accomplished either in a manner agreed to by the State and the defendant, or by the party making disclosure notifying the opposing counsel that the material and information to be disclosed may be inspected, obtained, tested, copied, or photographed at a specified time and place. In *State v. Hayes,* 602 S.W.2d 29, 32[3] (Mo.App.1980), this court held that:

> Production of the prosecutor's file will constitute substantial compliance with the Rules of Criminal Discovery unless the defendant's discovery request encompasses discoverable items "not within the file."

In *State v. Blake,* 620 S.W.2d 359, 360–61[1] (Mo. banc 1981), the disclosure request sought information which was not in the prosecutor's file. There, the existence of a State's witness was not revealed in the prosecutor's file, which had been made open to defendant's counsel to satisfy a request for disclosure. The *Blake* court stated that although it was commendable, the "open door" policy practiced by the prosecutor had failed in this instance because the existence of the witness was not in the file. The court held that a denial of a continuance to the defendant in these circumstances was to his prejudice, in that it denied him the right to present the best possible defense.

■ The State contends that the prosecutor fulfilled his duty of disclosure in this case under Rule 25.07(B) by opening his file. However, since there was no list of objects which would be introduced into evidence contained in the file, this case falls squarely within the rule discussed above in the *Hayes* and *Blake* cases. Unless the prosecutor compiles such a list and includes it in the file, it is not evident to a person going through the file just what objects will or will not be introduced into evidence. Thus, under Rule 25.07(B) as construed by *Hayes* and *Blake,* an open prosecutor's file does not satisfy a request for a list of objects to be introduced in evidence unless such a list has in fact been compiled, labeled as such, and included in the file. Absent such a list in the file, to satisfy this request under Rule 25.07(B), the prosecutor must compile the list and furnish it to defense counsel, or inform him of the time and place when such a list will be available.

■ The State contends that Moore is not entitled to relief because he could have undertaken his own investigation from information revealed in the prosecutor's file, and could have learned that McCaslin claimed the ring belonged to his son. Shifting the duty to disclose to the defendant in this manner was rejected by this court in *State v. Buckner,* 526 S.W.2d 387, 392[5] (Mo.App.1975). *Buckner* holds that the defense counsel's only responsibility is to make a proper request for disclosure. The burden is then on the State to produce the requested material. Thus, the State is in no position to shift the blame for the matter to Moore. If the prosecutor in this case had simply made a written response to the request, the problem now encountered would have never arisen.

■ The State also contends that Moore should have requested a bill of particulars, which would have revealed that McCaslin was claiming that the ring was stolen. The State, however, overlooks the fact that Moore is not attacking the information itself, but is complaining of the failure to make the required disclosure. There is no requirement in Rule 25.03 or in the case law that a defendant must file a request for a bill of particulars before he can complain of the State's failure to make disclosure, and this court refuses to incorporate such a requirement into the rule.

The object of the disclosure process is to afford a defendant the full opportunity to prepare for trial, thus extending to him the fundamental fairness which the adversary system seeks to provide. *State v. Johnson,* 524 S.W.2d 97, 101[5] (Mo. banc 1975). While Moore does not contend that the evidence was insufficient to support the jury's verdict without the evidence relating to the ring, the State's failure to inform Moore that the ring taken from him allegedly belonged to McCaslin's son and would be introduced into evidence deprived Moore of an opportunity to prepare a defense that the ring was actually his own. The deposition of the Omaha jeweler demonstrates that there was evidence available which would have allowed the jury to believe that the ring belonged to Moore, and was not the fruit of the crime. Thus, Moore was entitled to have this information in advance of trial.

When the matter was fully presented to the court, it was incumbent upon the court to grant some relief to properly preserve Moore's right to disclosure. The court's failure to do so resulted in prejudice to Moore, and entitled him to a new trial. *State v. Patterson,* 618 S.W.2d 664, 665 (Mo. banc 1981). Because the other errors asserted need not arise on retrial, they need not be discussed. In any event, the parties have the benefit of the briefs with respect to these points.

Judgment reversed and cause remanded.

All concur.