STATE of Missouri, Respondent.

v.

Filberto L. RODRIGUEZ, Jr., Appellant,

No. WD 54756.

Missouri Court of Appeals, Western District.

Dec. 15, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1999.

Application for Transfer Denied March 23, 1999.

Thomas D. Carver, Dee Wampler, Springfield, MO for Appellant.

Philip M. Koppe, Asst. Attorney General Kansas City, MO for Respondent.

Before: Presiding Judge RIEDERER, Judge LOWENSTEIN and Judge ULRICH.

LOWENSTEIN, J.

Rodriguez was found guilty by a jury of possession of a controlled substance with the intent to distribute, § 195.211, RSMo 1994, and was sentenced as a prior and persistent offender to fifteen years' imprisonment. Rodriguez' appeal concerns the trial court's failure to grant a mistrial. Rodriguez sought a mistrial based on the state's failure to disclose to the defendant prior to trial that a key defense witness had told prosecutors of his intent to recant his earlier deposition testimony.

On the evening of December 3, 1996, local police and officers of the federal drug task force executed a search warrant at Rodriguez's apartment. Rodriguez, his wife and two young children were present during the search. Police found Rodriguez's driver's license on a dresser and two boxes of plastic baggies under a cloth-draped, round table by the bed. Police also found $574 in cash in a fanny-pack on the kitchen table. Outside the apartment, on a porch near the back, police found a gallon-size, white trash bag containing three plastic baggies, each containing marijuana. The combined weight of the marijuana in the three bags was 1.17 kilograms with a total street value of approximately $3,000.

A 17 year-old high school student named Cory Vanloo was deposed regarding this case. Vanloo, an acquaintance of Rodriguez through their employment at a Taco Bell restaurant, testified in his deposition that it was he who purchased the marijuana and placed it on Rodriguez's porch. In his deposition, he stated that during the Thanksgiving holiday, he and a friend named Jason drove to San Antonio, Texas to visit Jason's grandmother. He also stated that the purpose of the trip was to purchase marijuana, which he did, then placed it on Rodriguez's porch upon their return from Texas.

Because of Vanloo's deposition testimony, the defense announced him as a witness, and indeed called him to the stand. On the stand, to the defendant's surprise, Vanloo recanted his story, denying that he had purchased marijuana in Texas and stating that his prior testimony was a lie. He also testified that members of the Rodriguez family

had told him what to say in his deposition and threatened his life if he were to testify for the prosecution. Further, Vanloo not only testified at trial, which was contrary to his deposition testimony, that the marijuana was not his, but he also testified that he could identify the bag of marijuana because Rodriguez had shown it to him and asked him to help sell it. According to his trial testimony, and also to the defendant's surprise, Vanloo testified that he went to the prosecutor's office two days before trial and informed prosecutors of the changes in his story. The Vanloo trial testimony was a total surprise to the defense. The issue at the heart of this appeal is whether or not the prosecution had a duty to disclose its conversation with Vanloo to the defense, and further, if the failure to do so amounts to prejudicial error requiring a new trial.

Following these revelations, counsel for Rodriguez unsuccessfully moved for a mistrial based on the state's failure to disclose Vanloo's change in story in advance of trial. Defense counsel's previously filed request for discovery included, among other things:

> Any written or recorded statements and the substance of any oral statements made by the Defendant ... a list of all witnesses to the making, and a list of all witnesses to the acknowledgement, of such statements, ....
>
> ...
>
> The statements of all persons who have been interviewed by an agent of the state in connection with the subject matter of this case and whom the State does not presently intend to call at trial.
>
> ...
>
> The statements of persons ... pertinent to the subject matter of this case whether or not made to an agent of the state.

## I.

■ Rodriguez's first point asserts error on the part of the trial court based on its denial of his motion for a mistrial. The motion was based on a showing that the state failed to disclose to defendant, prior to trial, evidence which "could have been used to impeach the unfairly prejudicial testimony of witness Cory Vanloo...."

■ When the trial court denies a motion for a mistrial, the standard of review is abuse of discretion. *State v. Burch,* 939 S.W.2d 525, 528 (Mo.App.1997). For a finding of abuse of discretion, the ruling must offend the logic of the circumstances, or be arbitrary and unreasonable; "[a]n abuse of discretion exists when reasonable persons could not differ as to the propriety of the action taken by the trial court." *State v. Coleman,* 954 S.W.2d 1, 4 (Mo.App.1997). The defense must show a violation of *Brady v. Maryland* or the Missouri rules of discovery in order to prevail on the threshold question of whether a duty existed requiring the disclosure of a statement given to the prosecutor by a defense witness declaring his intention to change his testimony at trial, now implicating the defendant of the charged crime. *Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

According to *Brady,* the prosecution is obligated to disclose to defense counsel, any exculpatory information which is material to the defendant's guilt or punishment. The *Brady* court also stated, "[s]ociety wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Id.* In the present case, the information given prosecutors was not exculpatory; rather, it was favorable to the state, which was, therefore, under no obligation under *Brady* to disclose the information to defense counsel prior to trial.

It is defendant's argument that the trial court erred in denying defendant's request for a mistrial based on the showing that the state had failed to disclose the statements of Vanloo prior to trial. In making this assertion, Appellant relies mainly on *Brady* as the authority. Although the court holds that *Brady* is inapplicable here, the court will continue the examination based on the question of whether or not there was a discovery violation.

■ Much has been written about the rules of discovery, but no case has facts similar to the case at bar; this court is, therefore, left to rely on the spirit of discov-

ery and the language of previous cases. What is clear is that the prosecutors in this case, by keeping mum on the Vanloo visit and change of his story, convicted the defendant based on surprise rather than on the merits of their case. The purpose of the rules of discovery is to, "permit the defendant a decent opportunity to prepare in advance of trial and to avoid surprise." *State v. Luton*, 795 S.W.2d 468, 477 (Mo.App.1990); see also *State v. Scott*, 943 S.W.2d 730, 735 (Mo.App.1997). "The rules on pre-trial discovery aid in the truth finding aspect of the legal system." *Scott*, 943 S.W.2d at 735. Rodriguez was denied the opportunity to properly prepare a defense by the state's failure to properly respond to his discovery request.

■ It is the state's position that statements of defense witnesses are not discoverable absent a *Brady*-type situation. It is true that as a general rule, the rules of discovery do not require the prosecution to disclose the statements of defense witnesses. *State v. Luton*, (quoting *State v. Willis*, 706 S.W.2d 265, 268 (Mo.App.1986)), on which the state relies, does say, "defense witnesses' statements are not a part of the material which the rule [25.03] requires be disclosed." *Luton*, 795 S.W.2d at 477. However, there are exceptions to this general rule. For instance, if the defense witness's statement includes a statement allegedly made by the defendant, that is often discoverable.

In *State v. Grant*, 784 S.W.2d 831 (Mo. App.1990), a conviction was reversed based on the trial court's decision to allow the testimony of a defense witness, on cross-examination, which had not previously been disclosed. The court held that, based on Rule 25.03, "[i]f requested in writing by defense counsel," the state is required to disclose "the substance of any oral statement made by the defendant along with the names of those persons who witnessed defendant making the statement." *Id.* at 835. In *Grant*, a witness named Steve Green testified for the state at the first trial in which a mistrial occurred. "Based on Green's testimony in the first trial, defendant called Green as his witness at the second trial." *Id.* at 834. Then, on cross-examination, the prosecutor elicited testimony from Green, concerning statements of the defendant, which destroyed the theory upon which the defense was built. *Id.* at 836.

As in *Grant*, defense counsel here made a timely request for the "substance of any oral statements made by the defendant" and a "list of witnesses to the making." The state did not disclose to defense counsel Vanloo's assertion that Rodriguez had asked Vanloo to help sell the marijuana. The prosecutor then referred to this testimony in his closing argument to support his assertion that defendant had the requisite intent to distribute. While Vanloo was, technically, a defense witness, thereby relieving the State of endorsing him as a witness or turning over all statements made by him, the testimony elicited on cross-examination was evidence available to the state as direct evidence in its own case, which proved an element of the offense charged. In *State v. Kehner*, 776 S.W.2d 396, 398–399 (Mo.App.1989), the court held that it is inappropriate to withhold significant evidence that is "direct evidence available to the state in its own case," when such evidence has the ability to "totally destroy[ ] the defense. . . ." This holding was based, in part, on the court's finding that, "[t]he state was excused from the requirement to endorse and by its own failure to disclose had the dramatic benefit of such evidence." *Id.* at 399. The *Kehner* court also stated, "Defendant had a right, measured in terms of fair trial, to know before trial about the evidence of oral statements," and such evidence "must be disclosed, if requested." *Id.* The court found that, in situations such as these, a breach of discovery duty coupled with a failure to endorse as a state's witness, "hid[es] the requested evidence . . . and trap[s] defendant[s]." *Id.* at 398.

It is likely that defense counsel for Rodriguez would not have called Vanloo as a witness had he known of Vanloo's change in testimony, which both destroyed his defense, and supported an element of the state's case. Vanloo's testimony was direct evidence in the state's case, but had the state attempted to call him as a witness, they would have faced arguments against it based on a failure to endorse in advance of trial. Also, had he

been called as a state's witness, Vanloo would have been impeachable due to his inconsistent deposition testimony. However, by letting Vanloo remain a defense witness, the prosecution not only avoided the failure to endorse and impeachment problems, it also benefitted from the introduction of the inculpatory evidence, which is the same tactic that was denounced in *Kehner*. Had Vanloo been called as a state's witness, defendant could have made preparations to discredit him. Without knowledge of Vanloo's new account of the events, defense counsel had no reason to investigate allegations of threats from defendant's family or the attempt by defendant to recruit Vanloo to help distribute the marijuana. Although Vanloo was available as a witness for the state, failure to disclose the witness's change of story not only allowed the state to get the inculpatory evidence in, it also gave the state the added benefit of having the defendant be "destroyed by one of his own witnesses...." *Grant*, 784 S.W.2d at 837.

The discovery requests presented to the prosecutor here, are not requests which are specifically required to be disclosed by Rule 25.03. However, in *State v. Kehner*, the appellate court reversed appellant's conviction, finding error in allowing a witness to testify as a rebuttal witness " 'where the prosecutor failed to respond to the timely and proper discovery request of the appellant for evidence that was material to the appellants [sic] guilt'." *Kehner*, 776 S.W.2d at 397. The request which that court found to be a "proper discovery request," was also one that does not fall under *Brady*, nor was it specifically required by Rule 25.03; regardless, the court held that the failure to disclose, or make answer to the request, was a discovery violation. The court stated, "The rules of discovery are not mere etiquette nor is compliance discretionary," and "[t]he obligation to make answer is peremptory." *Id.*

Besides the portion of the testimony concerning statements of the defendant, the state also failed to respond to defendant's request for statements of witnesses interviewed by the state that the state did not "presently intend to call." This is not a discovery request which is specifically re-

quired by Rule 25.03, but the rule, although comprehensive, is not exhaustive of the list of discoverable evidence. In *U.S. v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court acknowledged that no duty exists requiring "unlimited discovery of everything known by the prosecutor," to defense counsel, but stated, "if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge." The Court further stated that, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Id.*, see also *State v. Perry*, 879 S.W.2d 609, 613 (Mo.App.1994). It is obvious that Vanloo's testimony regarding statements of the defendant was material, as it tended to support one of the elements of the crime. When presented with a discovery request which addressed this evidence, the prosecutor failed to respond even though the "[d]uty ... to disclose is a continuing one," and "is not discretionary." *State v. Smothers*, 605 S.W.2d 128, 131 (Mo. banc 1980), see also *State v. Royal*, 610 S.W.2d 946, 951 (Mo. banc 1981).

█ The question remains whether the discovery violation in the case at bar was sufficient to require a mistrial. As stated in *State v. Scott*, 943 S.W.2d 730, 739 (Mo.App. 1997), the defendant has "the right to have the opportunity to formulate a defense in advance of trial, and the state's failure to disclose prevented the exercise of such a right;" further, "[t]he prosecutor is wholly responsible for unfairly surprising the defendant and the state should not benefit from its own violation of the rule." Relying on Vanloo's deposition testimony, defense counsel's strategy was centered around calling Vanloo to testify that the marijuana belonged to Vanloo, rather than the defendant. Had the information regarding Vanloo's proposed change in testimony been disclosed to defendant even so late as the day before trial, he could have requested a continuance in order to formulate a proper defense, or change his strategy. Instead, the prosecutor chose to remain silent and, as stated in appellant's

brief, "deliver[d] its Trojan horse to the enemy and through force of surprise maximize[d] the impact of its witness."

As stated in *State v. Stapleton,* 539 S.W.2d 655, 659 (Mo.App.1976), "... the rules of criminal discovery are not a mere etiquette but the festoons of due process." "The discovery rules seek to foster informed pleas, expedited trials, a minimum of surprise, and the opportunity for effective cross-examination." *State v. Wells,* 639 S.W.2d 563, 566 (Mo.1982)(quoting *State v. Buckner,* 526 S.W.2d 387, 392 (Mo.App.1975)).

The state argues that because this was a *defense* witness, the defense had a duty to prepare its witness for trial, relieving the state of its duty to disclose. The *Grant* court stated that a similar argument had already been rejected in a previous case [1] and further stated, "Rule 25.03 does not require the requested information be unavailable by other means. Moreover, a pretrial interview might not have revealed [the witness'] statement to defense counsel." *Grant,* 784 S.W.2d at 837. Also, in *State v. Moore,* 645 S.W.2d 117, 119 (Mo.App.1982), the court responded to an argument by the State that the defendant was not entitled to relief, based on an alleged discovery violation, because "he could have undertaken his own investigation...." The court held, "[s]hifting the duty to disclose to the defendant in this manner was rejected by this court ..." where the court held, "that the defense counsel's only responsibility is to make a proper request for disclosure. The burden is on the State to produce the requested material." *Moore,* 645 S.W.2d at 119. The *Moore* court concluded that the State cannot shift the blame to the defendant; the prosecutor, in that case, by simply making a written response to the discovery request, could have avoided the problem. *Id.* The same can be said of the case at bar.

Although the state's case was strong, and recognizing the reluctance on the part of appellate courts to second guess a trial judge's decision to deny a mistrial, the state's failure here to disclose the newly discovered existence of the inculpatory statement of the defendant, made to the witness, is the primary reason for reversing this conviction.

This failure by the state to disclose the defendant's statement which came in through the witness, cannot be overlooked or rationalized as simple trial tactics. This, coupled with the state's failure to advise that the defendant's prime witness had paid the prosecutor a visit only two days before trial, and laid out that he was totally recanting his earlier deposition testimony, adds up to a violation of the spirit of the rules of criminal discovery and had the effect of denying the defendant a fair trial.

The state violated its obligation to respond to defendant's discovery request, and under the facts here the circuit court's decision to deny Rodriguez a mistrial amounted to an abuse of discretion. Point II raised in the appellant's brief should not arise on retrial. The judgment of conviction is reversed. The cause is remanded for a new trial.

All Concur.

---

1. See *State v. Bebee,* 577 S.W.2d 658, 662 (Mo. App.1979)