ACCEPTED
14-14-00291-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 12:02:47 PM
CHRISTOPHER PRINE
CLERK

## No. 14-14-00291-CV

## IN THE FOURTEENTH COURT OF APPEALS FOR HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 12:02:47 PM
CHRISTOPHER A. PRINE
Clerk

**Iona Grant, Lauretta Moss and Nannie Johnson,**

**Appellants,**

**v.**

**Effie Collins,**

**Appellee.**

On Appeal from the Probate Court No. 2 of Harris County, Texas
Trial Court Case No. 415,772

## BRIEF FOR APPELLEE

Michael Scott Thomas
State Bar No. 19861200
Thomas & Williams, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
(713) 665-8558
(713) 665-8562-Facsimile
mstlawyer@aol.com

**ATTORNEYS FOR APPELLEE**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANTS:   Iona Grant, Lauretta Moss, and Nannie Johnson

COUNSEL:       Derek H. Deyon
State Bar No. 24075862
THE DEYON LAW GROUP, P.L.L.C.
2211 Norfolk, Suite 600
Houston, Texas 77098
Telephone: (713) 418-7420
Facsimile: (713) 714-8670

APPELLEE:     Effie Collins

COUNSEL:       Michael Scott Thomas
State Bar No. 19861200
THOMAS & WILLIAMS, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
Telephone: (713) 665-8558
Facsimile: (713) 665-8562

JUDGE:           The Honorable Mike Woods
Probate Court No. 2, Harris County, Texas

# TABLE OF CONTENTS

Identity of Parties and Counsel ...................................................................................i

Table of Contents .................................................................................................. ii

Index of Authorities ............................................................................................ iii

Issues Presented ...................................................................................................1

Statement of the Case..........................................................................................1-2

Statement of Facts................................................................................................2

Summary of Argument .........................................................................................2

Argument..............................................................................................................3

I.  There is no Genuine Issue of Material Fact That Decedent Lacked
    Testamentary Capacity on March 18, 2005......................................................3

    A.  Standard of Review. ................................................................................3

    B.  Burden of Proof in Will Contest. .........................................................3-4

    C.  Appellant's did not Present Competent Summary Judgment
        Proof to Raise a Fact Isue on Testamentary Capacity. ........................4

        1.  Testamentary Capacity................................................................4

        2.  Negating Testamentary Capacity.............................................4-5

        3.  The Trial Court Properly Sustained Appellee's
            Objections to Appellant's Summary Judgment Evidence
            From Disinterested Witnessess..................................................5-6

        4.  The Trial Court Properly Sustaind Appellee's Objections
            to Appellant's Summary Judgment Evidence From
            Interested Witnesses..................................................................6-8

Conclusion and Prayer .........................................................................................8

Certificate of Compliance ....................................................................................9

Certificate of Service ...........................................................................................9

# INDEX OF AUTHORITIES

*Carr v. Radkey,* 393 S.W.2d 806 (Tex. 1965) ........................................................6

*Casso v. Brand*, 776 S.W.2d 551 (Tex. 1989) ........................................................7

*Croucher v. Croucher,* 660 S.W.2d 55 (Tex. 1983) ................................................3

*Dagley v. Haag Engineering Co.,* 18 S.W.3d 787 (Tex.App.--Houston [14th Dist.] 2000, no pet.) ........................................................................................3

*Evans v. Allen,* 358 S.W.2d 358 (Tex.App.--Houston [1st Dist.] 2011, no pet.) ....................................................................................................................4

*In re Price's Estate,* 375 S.W.2d 900 (Tex. 1964) ..................................................3

*Lee. v. Lee,* 424 S.W.2d 609 (Tex. 1968) ...............................................................5

*McIntyre v. Ramirez,* 109 S.W.3d 741 (Tex. 2003) ................................................6

*Lyons v. Lindsey Morden Claims Mgm't.,* 985 S.W.2d 865 (Tex. App.--El Paso 1998, no pet.) ..........................................................................................8

*Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217 (Tex. 1999) ...................................3

# STATUTES AND RULES

## Rules

Tex. R. App. P. 166a(c) ...........................................................................................7

## Statutes

Tex. Estates Code § 256.152(a)(2)(A) .....................................................................3

Tex. Estates Code § 256.152(a)(2)(B) ......................................................................3

## ISSUES PRESENTED

1.    Whether there is no genuine issue of material fact that the Decedent lacked testamentary capacity on March 18, 2005.

## STATEMENT OF THE CASE

On August 27, 2012, Appellee filed an application for probate of will as a muniment of title for Ruth Bailey, Decedent, seeking to probate a will dated March 23, 2004 ("Application 1")(CR 6-18). On October 9, 2012, Appellants filed a will contest to Application 1, asserting a general denial (CR 21-23). On September 28, 2012, Appellant Iona Grant filed an application to probate will and for issuance of letters testamentary for Ruth Bailey, Decedent, seeking to probate a will dated March 18, 2005, in Cause No. 416,559, *In The Estate of Ruth Bailey, Deceased,* Probate Court No. 4, Harris County, Texas ("Application 2")(CR 28-30). On October 31, 2012, the cases were consolidated (CR 27).

On September 30, 2013, Appellee filed a will contest to Application 2, asserting lack of testamentary intent, testamentary capacity and undue influence (CR 48-50). On October 2, 2013, Appellee filed a traditional motion for partial summary judgment (CR 51-60). On October 27, 2013, Appellants filed their response to traditional motion for partial summary judgment (CR 62-79). On November 1, 2013, Appellee filed her reply, asserting objections to the Affidavits of Dorothy Scott, Brenda Addison, Iona Grant and Loretta Moss (CR 80-90).

On November 5, 2013, the trial court signed an Order granting partial summary judgment, in favor of Appellee (CR 91). On April 14, 2014, Appellants filed their notice of appeal. (CR 167-168).

## STATEMENT OF FACTS

On November 5, 2013, a hearing was held on Appellee's traditional motion for partial summary judgment (1 RR 1). Appellee objected to the affidavits of Dorothy Scott and Brenda Addison ( 1 RR 6-7). Appellee also objected to the affidavits of Iona Grant and Lauretta Moss, interested witnesses (1 RR 7-8).The trial court sustained Appellee's objections to the affidavits and granted the motion for partial summary judgment (1 RR 16-17).

## SUMMARY OF ARGUMENT

Appellant put forth proper summary judgment evidence that Ruth Bailey, Decedent, lacked the requisite testamentary capacity for a valid will on March 18, 2005. Additionally, the trial court sustained a proper objection to the affidavits of Dorothy Scott, Brenda Addison, Iona Grant and Lauretta Moss, as such affidavits were conclusory, and not based on facts that would create a fact issue on testamentary capacity.

Based on the foregoing, Appellee requests that the judgment of the trial court be affirmed.

## ARGUMENT

**I.     There is no genuine issue of material fact that the Decedent lacked testamentary capacity on March 18, 2005.**

### A.     Standard of Review.

To prevail on a motion for summary judgment, the movant must establish that no material fact issue exists and it is entitled to judgment as a matter of law. *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex. 1999). Once the movant establishes that no genuine issue of material fact exists regarding an element of the non-movant's claim, the non-movant must present competent summary judgment evidence raising a fact issue on that element. *Dagley v. Haag Engineering Co.,* 18 S.W.3d 787, 789 (Tex.App.—Houston [14th Dist.] 2000, no. pet.).

### B.     Burden of Proof in Will Contest.

If a will contest is filed before the will is admitted to probate, the proponent of the will has the burden of proof on the issues of formalities of execution. TEX. ESTATES C. § 256.152(a)(2)(A). If the issue of testamentary capacity is raised before the will is offered for probate, the proponent of the will has the burden of establishing that the Testator was of sound mind. TEX. ESTATES C. § 256.152(a)(2)(B); *Croucher v. Croucher*, 660 S.W.2d 55, 57 (Tex. 1983). There is no presumption that a person is of sound mind at the time she executes the will. *In re Price's Estate*, 375 S.W.2d 900, 903 (Tex. 1964). Accordingly, Appellants bear

the burden of proving that the Decedent had testamentary capacity on March 18, 2005.

**C. Appellant's did not Present Competent Summary Judgment Proof to Raise a Fact Issue on Testamentary Capacity.**

1. Testamentary Capacity.

A testator has "testamentary capacity" if she has sufficient mental ability, at the time the will is executed, to understand the business in which the testator is engaged; the effect of her act in making the will; the general nature and extent of her property; she must know her next of kin and the natural objects of her bounty, and have sufficient memory to collect in her mind the elements of the business to be transacted, to hold those elements long enough t perceive their obvious relation to each other, and to form a reasonable judgment about them. ***Evans v. Allen***, 358 S.W.2d 358, 362 (Tex.App.–Houston [1st Dist.] 2011, no pet.).

2. Negating Testamentary Capacity.

Appellee would show that on August 3, 2004, Dr. Shayna P. Lee rendered a capacity assessment in Cause No. 345,822, *In the Guardianship of Ruth Homer Bailey, an Incapacitated Person,* In the Probate Court No. 4, Harris County, Texas (the "Guardianship Proceeding")(CR 56-58). The capacity assessment reflects that the nature of the impairment is most likely due to the dementia process, that the degree of the incapacity is severe and that the dementia process is not expected to improve, and will worsen over time. Additionally, that due to her mental health

-4-

that is consistent with dementia, she is completely unable to communicate any responsible decisions. *Id.*

The proper inquiry in deciding testamentary incapacity is the condition of the testator's mind on the day the will was executed. ***Lee v. Lee***, 424 S.W.2d 609, 611 (Tex. 1968). However, evidence of incompetency at other times has probative force only if it demonstrates that the condition persists and has some probability of being the same condition which obtained at the time of the making of the will. *Id.* The evidence as outlined in Dr. Lee's capacity assessment establishes that prior to the execution of the Will dated March 18, 2005, the Decedent had an impairment based on dementia, that it was severe, that it would not improve and would worsen over time.

3. The Trial Court Properly Sustained Appellee's Objections to Appellant's Summary Judgment Evidence from Disinterested Witnesses.

Appellant's summary judgment proof included the Affidavit of Dorothy Scott, a purported disinterested witness. Specifically, Ms. Scott's Affidavit states:

- "[M]rs. Bailey knew where she was and that she was there to sign (Execute) her Will ..."

- "[M]rs. Bailey recognized my voice and my husband's voice and knew we were there to be witnesses to her sign (Execute) her Will."

- "... she appeared fine to me in my opinion on this day at that time on March 18, 2005 when she signed (Executed) her Will in my presence."

(CR 71-72).

Appellant's summary judgment proof also includes the Affidavit of Brenda Addison, a purported disinterested witness. Specifically, Ms. Addison's Affidavit states:

> • "[M]rs. Bailey seemed fine in my opinion at that time on March 18, 2005 when she signed (Executed) her Will. I had no reason to believe she was not mental capable to signing (Executing) her Will or that she did not know what she was doing."

(CR 77-78).

Conclusory statements that are not supported by facts are not proper summary judgment proof. *McIntyre v. Ramirez*, 109 S.W.3d 741, 749-50 (Tex. 2003). A lay witness may not be asked whether a testator had testamentary capacity, but he may testify that a person is of sound mind if a proper predicate is laid. *Carr v. Radkey*, 393 S.W.2d 806, 813 (Tex. 1965). A witness may be asked whether the testator knew the objects of his bounty, the nature of the transaction in which he was engaged, the nature and extent of his estate, and similar questions. *Id.* Appellee properly objected to and moved to strike the affidavit testimony of Dorothy Scott and Brenda Addison (CR 80-90; 1 RR 6-7). The trial court sustained Appellee's objections (1 RR 16-17).

4. The Trial Court Properly Sustained Appellee's Objections to Appellant's Summary Judgment Evidence from Interested Witnesses.

Appellant's summary judgment proof includes the Affidavit of Appellant Iona Grant, an interested witness. Specifically, Ms. Grant's Affidavit states:

- "[M]y mother knew she was there to sign (Execute) her Will ..."

- "[M]y mother knew what she wanted and how to distribute her property."

- "Mother was fine in my opinion to know her wishes and what to do with her property on March 18, 2005 when she signed (Executed) her Will in our presence."

(CR 73-74).

Appellant's summary judgment proof includes the Affidavit of Appellant Lauretta Moss, an interested witness. Specifically, Ms. Moss' Affidavit states:

- "[M]y mother knew she was there to sign (Execute) her Will ..."

- "[M]other knew what she wanted and how to distribute her property."

- "Mother was fine in my opinion to know her wishes and what to do with her property on March 18, 2005 when she signed (Executed) her Will in our presence."

(CR 75-76).

To establish facts through an interested witness, the testimony must be clear, positive, direct, credible, free from contradiction, and uncontroverted even though it could have been readily controverted. TEX. R. CIV. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). The affidavits of Iona Grant and Lauretta Moss contain conclusory statements, not facts. The affidavits of Iona Grant and Lauretta Moss contain declarations that are not easily controverted.

Additionally, the Affidavit of Lauretta Moss contradicts sworn statements she made in the Guardianship Proceeding (CR 85-89). When a party's pleadings

contain statements admitting facts or conclusions that directly contradict the party's own theory of recovery or defense, the pleadings may constitute summary judgment proof for the other party. *Lyons v. Lindsey Morden Claims Management*, 985 S.W.2d 86, 92 (Tex.App.–El Paso 1998, no pet.). Appellee properly objected to and moved to strike the affidavit testimony of Iona Grant and Lauretta Moss (CR 80-90; 1 RR 7-8). The trial court sustained Appellee's objections (1 RR 16-17).

## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Effie Collins, Appellee, respectfully requests this Court to affirm the judgment of the trial court, and for such other and further relief to which Appellee may show herself justly entitled.

Respectfully submitted,

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**
State Bar No. 19861200
THOMAS & WILLIAMS, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
(713) 665-8558
(713) 665-8562-Facsimile
mstlawyer@aol.com

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Tex.R.App. P. 9.4(i)(3), this document contains 2,224 words.

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellee's Brief was served via email at ddeyon@deyonlawgroup.com to Mr. Derek H. Deyon, THE DEYON LAW GROUP, P.L.L.C. 2211 Norfolk, Suite 600, Houston, Texas 77098 16th day of January, 2015.

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**